**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JESSICA S.,[1]

Plaintiff, 5:25-cv-1063 (ECC/ML)

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

---

Justin M. Goldstein, Esq., *for Plaintiff*
Kristina D. Cohn, Special Asst. U.S. Att'y, *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Jessica S. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a decision by the Commissioner of Social Security denying her applications for disability insurance and supplemental security income benefits. Dkt. No. 1. This matter was referred to Magistrate Judge Miroslav Lovric for a Report-Recommendation. *See* Dkt. Nos. 3, 5; N.D.N.Y. L.R. 72.3(e). On August 24, 2026, after reviewing the parties' briefs and the Administrative Record,[2] Dkt. Nos. 8, 10, 11, 12, Magistrate Judge Lovric issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed. Dkt. No. 20. Plaintiff timely filed objections to the Report-Recommendation,

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] The Court cites to the Bates numbering in the Administrative Record, Dkt. No. 8, as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

Dkt. No. 21, to which the Commissioner did not respond. For the following reasons, the Court rejects Magistrate Judge Lovric's recommendation that the Commissioner's decision be affirmed, reverses the Commissioner's decision, and remands this matter for further proceedings.

## I. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## II. DISCUSSION

### A. Report-Recommendation

The parties have not raised any objections to the factual background or the legal framework set forth in the Report-Recommendation. *See* Dkt. No. 20 at 2-12. The Court therefore adopts Magistrate Judge Lovric's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision.

The Report-Recommendation addresses three issues in contention raised by Plaintiff. *See id.* at 7. As relevant to this Memorandum-Decision and Order, Magistrate Judge Lovric considered Plaintiff's argument that the ALJ failed to incorporate any mental health limitations into the RFC "without explanation." *Id.* at 15-20. Magistrate Judge Lovric first recounted in detail the ALJ's determination at step two that Plaintiff's mental health impairments are non-severe and cause only

a "mild limitation" in Plaintiff's ability to adapt or manage herself. *Id.* at 15-17 (describing the ALJ's recitation of Plaintiff's mental health treatment history and analysis of medical opinions). The Report-Recommendation acknowledged that the ALJ "essentially ended his analysis of Plaintiff's mental health symptoms [at step two] and did not discuss any associated limitations" at step three or when formulating the RFC. *Id.* at 17. Magistrate Judge Lovric nonetheless noted that a "finding of a certain degree of limitation in an area of mental functioning . . . does not require any specific corresponding limitation in the RFC finding." *Id.* at 17-18 (citations and emphasis omitted). After a "review of the longitudinal record," Magistrate Judge Lovric found "substantial evidence to support the ALJ's exclusion of mental health limitations in the RFC." *Id.* at 19. The Report-Recommendation further rejected Plaintiff's contention that the ALJ had to "make a new or repetitive analysis of the mild mental health limitations before determining the RFC," concluding that this argument seeks to place "form over function" and that the ALJ's "extensive analysis" at step two allowed the Court to glean the ALJ's rationale. *Id.* at 19-20 (citation omitted).

### B. Plaintiff's Objections

Plaintiff objects to the Report-Recommendation's recommended findings with respect to all three issues she raised before Magistrate Judge Lovric. *See generally* Dkt. No. 21. Because the Court concludes that remand is warranted based on the ALJ's failure to provide any reason for not including any mental limitations in the RFC, the Court does not reach Plaintiff's other objections.

Plaintiff objects that the Report-Recommendation "does not identify where the ALJ discussed Plaintiff's mild limitations after step two and where the ALJ indicated how the findings were considered in relation to the RFC." *Id.* at 7-10. Plaintiff acknowledges that the ALJ was not required to adopt mental limitations into the RFC but asserts that the ALJ erred by "fail[ing] to explain why the RFC excluded mental limitations despite finding Plaintiff had mild limitations at step [two]." *Id.*

At the outset, the Court notes that Plaintiff does not challenge the ALJ's step two determination on appeal, including that her mental impairments are non-severe and that she has a "mild limitation" with respect to adapting or managing herself but no limitation in the other three areas of mental functioning. *See* R.20-22. Although, as the Report-Recommendation points out, the ALJ's step two determination does discuss in detail the record evidence concerning Plaintiff's mental health treatment and the relevant medical opinions, the Court nevertheless agrees with Plaintiff that the ALJ's decision does not explicitly or implicitly provide any explanation for the ALJ's determination to craft an RFC without any mental limitations.

After reviewing the record evidence and relevant medical opinions, the ALJ determined that Plaintiff has no limitation in understanding, remembering, or applying information; interacting with others; or concentrating, persisting, or maintaining pace. R.21. The ALJ determined that Plaintiff has a mild limitation in adapting or managing herself "given her ongoing alcohol use disorder despite her history of acute renal failure." *Id.* Plaintiff's "medically determinable mental impairments" were therefore "nonsevere." R.21-22. The ALJ concluded the step two determination by stating:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

R.22. As the Report-Recommendation acknowledged, the ALJ did not discuss any limitations associated with Plaintiff's mental health impairments after the step two determination. *See* Dkt. No. 20 at 17.

An RFC determination "must account for limitations imposed by both severe and nonsevere impairments." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). Although an ALJ "may properly determine that mild limitations found during the Paragraph B analysis [at step two] do not translate into functional limitations within the RFC," the ALJ "must provide a basis for understanding how [he] made that determination." *Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d 365, 376 (S.D.N.Y. 2023); *see also David Q. v. Comm'r of Soc. Sec.*, No. 20-cv-1207, 2022 WL 806628, at *5 (W.D.N.Y. Mar. 17, 2022) (noting that it is "well-established that the step-two analysis is 'analytically distinct' from the RFC analysis" and an ALJ's "discussion of evidence and functional limitations" relating to a plaintiff's mental impairments at step two does not relieve him "of the obligation to further assess plaintiff's mental health impairment in the RFC portion of his decision"). Thus, as the Second Circuit held in *Parker-Grose*, it is legal error for the ALJ to fail to account for mental limitations in determining a plaintiff's RFC even where the mental impairment is non-severe. 462 F. App'x at 18. Courts in this Circuit routinely remand for further proceedings when the ALJ's decision fails to provide any explanation of how non-severe mental impairments were considered in formulating an RFC. *See, e.g.*, *Sandra J. v. Comm'r of Soc. Sec.*, No. 21-cv-272, 2023 WL 3734289, at *5 (W.D.N.Y. May 31, 2023) ("[T]he ALJ did not provide any explanation as to why Plaintiff's mild mental health limitations did not necessitate any limitations in her RFC. While he may have had a sound basis for their omission, the lack of any explanation leaves the Court unable to properly assess the determination."); *Laura Anne H. v. Saul*, No. 20-cv-397 (TWD), 2021 WL 4440345, at *10 (N.D.N.Y. Sept. 28, 2021) (remanding where the ALJ "improperly failed to consider Plaintiff's non-severe mental impairments when evaluating his RFC"); *Mandy C. v. Saul*, No. 18-cv-982 (CFH), 2020 WL 1245348, at *6 (N.D.N.Y. Mar. 16,

2020) (finding remand warranted where the Court "cannot be certain that the ALJ actually considered [plaintiff's] mental issues when addressing her RFC"); *Mark K. v. Comm'r of Soc. Sec. Admin.*, No. 18-cv-627 (GLS), 2019 WL 4757381, at *3 (N.D.N.Y. Sept. 30, 2019) ( remanding where the ALJ "did not include any mental limitations in the RFC" and "never provided an explanation as to why he chose not to include any mental limitations in the RFC, despite his previous assessment of [] mild limitations").

In rejecting Plaintiff's argument that the ALJ offered no explanation for failing to include any mental limitations in the RFC, the Report-Recommendation relied on *Donna L. v. Comm'r of Soc. Sec.*, No. 23-cv-655 (GTS/TWD), 2024 WL 3738067 (N.D.N.Y. Aug. 9, 2024). There, U.S. District Judge Suddaby held that the ALJ did not commit harmful error by failing to explicitly indicate how he considered the plaintiff's mental functioning when assessing her RFC because the ALJ's step two analysis was "thorough" and permitted the Court to glean the rationale for not including any mental limitations in the RFC. *See id.* at *2-3. Here, however, the Court is unable to glean from the ALJ's decision the rationale for not including any mental limitations in the RFC. Although the ALJ's step two determination provides a rationale for the ALJ's finding that Plaintiff has a mild limitation in adapting or managing herself, that same rationale does not explain why no mental limitations were adopted in the RFC. This is particularly the case where the ALJ found Plaintiff to have a mild limitation in adapting or managing herself "given her ongoing alcohol use disorder despite her history of acute renal failure," a factor not otherwise discussed in the decision. R.21. And although the ALJ's decision refers to the proper standard for evaluating mental limitations at step two versus in relation to the RFC, such "lip service" is insufficient. *Mandy C.*, 2020 WL 1245348, at *6 ("[T]he ALJ's reference to the proper standard set forth in the regulations,

without more, is insufficient 'lip service' and indicates the ALJ simply relied on his finding of non-severity as a substitute for a proper RFC analysis.") (cleaned up).

Finally, the Court cannot say that the ALJ's error was harmless because the ALJ found that Plaintiff was capable of performing semi-skilled and skilled work. *See, e.g.*, *Sharon J. v. Comm'r of Soc. Sec.*, 716 F. Supp. 3d 59, 66 (W.D.N.Y. 2024) ("[T]he ALJ's failure to discuss or otherwise account for Plaintiff's non-severe mental limitations is prejudicial, given the ALJ concluded that Plaintiff was capable of performing her past relevant work, which is classified as skilled or semi-skilled."); *see* R.25 (finding claimant capable of performing past relevant work with SVP level of 4). Accordingly, the Court finds that the matter should be reversed and remanded for further proceedings consistent with this opinion. The Court does not address Plaintiff's additional objections, which "allege error at later steps in the sequential analysis." *Paige H. v. Comm'r of Soc. Sec.*, No. 24-cv-1352 (BKS/DJS), 2026 WL 872984, at *7 (N.D.N.Y. Mar. 31, 2026) (citation omitted).

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation recommending that the Commissioner's decision be affirmed, Dkt. No. 20, is **REJECTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, is **GRANTED,** and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**, and it is further

**ORDERED** that the Commissioner's decision is **REVERSED**, and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 28, 2026

Elizabeth C. Coombe
U.S. District Judge